# JOHN BAUMANN v. GEORGE MICHEL and Another.[1]

June 2, 1911.

Nos. 17,120—(92).

**Modification of contract of guaranty.**

> In an action to recover the amount claimed to be due under the terms of a guaranty of part of the payments on a land contract, *held*, the evidence justified the jury in finding that the contract had been modified as contended by defendants, and that it had not been modified as contended by plaintiff.

Action in the district court for Ramsey county to recover $647.23 upon a certain written guaranty. The opinion gives the substance of the answer. The reply was a general denial. The case was tried before Kelly, J., and a jury which returned a verdict in favor of plaintiff for $12.18. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*J. W. Pinch,* for appellant.

*O. E. Holman,* for respondents.

LEWIS, J.

On April 16, 1904, defendants sold to John Peck certain real estate for $1,470. Peck paid $100 cash, and agreed to pay the balance at the rate of $15 per month and interest at seven per cent., payable semi-annually, taxes, and assessments. A contract was executed and a note, which read as follows:

"$1370. St. Paul, Minn., April 16, 1904.

"At the rate of fifteen dollars or more on the first day of each and every month after date, I promise to pay to the order of George Michel and Frederick Michel one thousand three hundred and seventy dollars, at 391 Rice St., St. Paul, Minnesota. Value received, with interest before and after maturity at the rate of seven per cent.

[1] Reported in 131 N. W. 495.

114 M.—31.

per annum, until paid. Interest payable according to the conditions of a certain land contract received from said G. and F. Michel for lots 35 and 36, block 2, Dawson's Fourth addition.

"John Peck."

Defendants then deeded the premises to plaintiff, and assigned to him the contract and note in consideration of the sum of $1,370. They also executed and delivered to plaintiff the following guaranty:

"St. Paul, Minn., April 18, 1904.

"We, the undersigned, George Michel and Friederich Michel, hereby guarantee the monthly payments for the term of four years from date, which monthly payments shall be due according to the conditions of a certain promissory note, dated April 16, 1904, made by John Peck and given for a certain land contract for lots 35 and 36, block 2, Dawson's Fourth addition, and if the said John Peck should fail to make the monthly payments during said term of four years of said note, we hereby agree upon demand of the legal holder thereof to pay the amounts (monthly payments) due thereon for said term of four years.                    George Michel.

"Friederich Michel."

This action is to recover the amount claimed to be due under the terms of the guaranty. The answer admitted the purchase and assignment of the note and contract and the execution of the guaranty, but alleged that prior thereto it was agreed between plaintiff, defendants, and Peck that the contract should be modified, so that Peck should be required to pay $15 per month only to apply on the principal and interest, and that the guaranty was executed and delivered by defendants and accepted by plaintiff subject to such modification. The answer also alleged that Peck had paid $657.95 on the monthly payments guaranteed by defendants.

The court instructed the jury that by the terms of the guaranty on its face defendants were obligated to pay $15 per month only for four years in the event Peck did not make the payments, and were not required to pay interest. The court also instructed the jury

that, if they should find that the modification had been made with plaintiff's knowledge and consent, then they should return a verdict for plaintiff for the difference between $720 (the amount of defendant's obligation) and the amount that had been paid by Peck, which difference equaled $12.05.

During the trial it was shown that the defendants acted as the agents of plaintiff, and the payments were made by Peck directly to them, and plaintiff attempted to prove that, before the money was turned over to plaintiff by defendants, it was agreed between all the parties that it should be applied to discharge the interest on the note, and the balance, if any, on the principal. The court submitted this question to the jury, and instructed them, if they should find the modification claimed by defendants (limiting payments to $15 per month) was not made, and that defendants agreed that payments should first be applied on the interest, then to return a verdict "for what balance of the $15 a month is left unpaid." If the monthly payments were applied on the interest, instead of the principal, the amount due on the principal for the four years was about $604. The jury returned a verdict of $12.18, having found against the contention of plaintiff.

The foregoing statement makes it unnecessary to discuss the assignments of error in detail. The defendants and Peck testified that $15 per month was all Peck was to pay until the entire amount of note and interest was paid, and that plaintiff agreed to the arrangement; but these payments were considered payments within the terms of the guaranty. There was evidence, also, of an understanding that the $15 monthly payments were to be applied on the interest, and the payments were entered in a passbook by defendants, and at the end of each six months, when the semiannual interest on the note came due, they added the interest and credited the total of the payments.

Defendant Fred Michel, testifying for plaintiff as an adverse witness, said that it was the understanding with plaintiff from the beginning that the payments were to be applied to the interest first, and plaintiff testified that such was his understanding. But such agreement did not necessarily mean that the payments were not to be con-

sidered as reducing the amounts guaranteed by defendants. The arrangement to keep the interest paid up was consistent with the prior modification that Peck should be required to pay $15 only each month. To consider this evidence as plaintiff claims would amount to an annulment of the previous modification. The trial court took a liberal view of the pleadings and evidence, and submitted plaintiff's contentions to the jury, and their conclusion is justified by the evidence. We discover no errors in the charge or rulings.

Affirmed.